UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMILAH MCCRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-00537-TWP-KMB |
| ) | |
| ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| UNKNOWN POSTAL WORKER, ) | |
| ) | |
| Defendants. ) | |

### ORDER GRANTING UNITED STATES' MOTION TO STAY DISCOVERY AND DENYING PLAINTIFF'S MOTION TO COMPEL

Presently pending before the Court are *pro se* Plaintiff Jamilah McCray's Motion to Compel, [dkt. 30], and Defendant United States of America's Motion to Stay Discovery, [dkt. 35]. For the reasons discussed more fully herein, the Court finds that the United States' Motion to Stay Discovery should be **GRANTED** and Ms. McCray's Motion to Compel should be **DENIED**.

I. BACKGROUND

In March 2025, Ms. McCray filed a lawsuit against the United States Postal Service and an unknown postal worker. The Court screened the Complaint in April 2025 and allowed it to proceed. [Dkt. 7.] On May 6, 2025, Ms. McCray filed a motion for early discovery to seek the identity of the unknown postal worker involved in the underlying claim. [Dkt. 16.] The Court granted Ms. McCray's motion for early discovery. [Dkt. 17.] She then filed a motion for default judgment, [dkt. 19], which the Court denied after counsel for the United States entered an appearance and filed a Motion to Dismiss based on Ms. McCray's alleged failure to exhaust administrative remedies before filing this lawsuit against the United States, [dkt. 23 at 3].

On June 25, 2025, Ms. McCray filed a Motion to Compel, requesting that the Court require the United States to disclose the identity of the unknown postal worker. [Dkt. 30.] The United States responded in opposition to Plaintiff's Motion, [dkt. 34], and also filed a Motion to Stay Discovery while the Parties wait for the Court to rule on the United States' pending Motion to Dismiss. [Dkt. 35.] Ms. McCray did not respond to the United States' Motion to Stay Discovery, and the time to do so has passed. Therefore, the pending motions are now ripe for the Court's review.

## II.   LEGAL STANDARD

District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery and provides that parties to a civil dispute are entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," regardless of admissibility. *Est. of Daniels by Stover v. City of Indianapolis*, 2021 WL 4844145, at *1 (S.D. Ind. 2021) (citing Fed. R. Civ. P. 26(b)(1)). The burden "rests upon the objecting party to show why a particular discovery request is improper[,]" and the objecting party "must show with specificity that the request is improper." *Hunt v. Hubler Chevrolet, Inc.*, 2019 WL 1043163, at *2 (S.D. Ind. 2019).

Relatedly, a stay of discovery may be ordered when good cause exists, and the party seeking the stay "bears the burden of proof to show that the Court should exercise its discretion in staying the case." *United States ex rel. Robinson v. Ind. Univ. Health, Inc.*, 2015 WL 3961221, at *1 (S.D. Ind. 2015). Courts evaluate three factors to determine if good cause exists: (1) "the prejudice or tactical disadvantage to the non-moving party"; (2) "whether or not issues will be simplified"; and (3) "whether or not a stay will reduce the burden of litigation[.]" *Johnson v.*

*Navient Solutions, Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015).  "Filing a motion to dismiss does not automatically stay discovery," and as a general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity."  *Red Barn Motors, Inc. v. Cox Enters., Inc.*, 2016 WL 1731328, at *2-3 (S.D. Ind. 2016).

### III.  DISCUSSION

In its Motion to Stay Discovery, the United States argues a discovery stay is appropriate in this case because its Motion to Dismiss, if granted, would resolve the case in its entirety.  [Dkt. 35 at 2.]  In its Motion to Dismiss, the United States asserts that Ms. McCray has failed to first exhaust all available administrative remedies as the law requires her to do before bringing this lawsuit.  [Dkt. 22 at 1.]  While Ms. McCray does not explicitly name the law under which she brings her lawsuit, [dkt. 1 at 5], the United States notes that the nature of her claims and the monetary damages she seeks in relief makes her claims subject to the exhaustion of administrative remedies requirements under the Federal Tort Claims Act.  [Dkt. 22 at 1.]  The United States argues that because Ms. McCray did not present her claims to the United States and wait for either a denial or six months to pass before filing her lawsuit, the suit is premature pursuant to 28 U.S.C. § 2675(a).  [*Id*. at 4.]  Additionally, the United States notes that it "has not waived sovereign immunity for the allegations in Plaintiff's complaint."  [Dkt. 35 at 2.]

The United States further argues that a brief stay while the Court considers a motion that could entirely resolve the case would not prejudice Ms. McCray.  [*Id*. at 3.]  The United States notes that even with a stay of discovery in this case, Ms. McCray could still "pursue the information she seeks from the United States Postal Service in connection with the tort claim she filed with that agency on June 19, 2025."  [*Id*.]  Additionally, the United States asserts that a stay could

3

simplify issues in the case and reduce the burdens of litigation if the Motion to Dismiss is ultimately granted by the Court. [*Id*.]

Ms. McCray failed to respond to the United States' Motion to Stay Discovery, which the Court construes in this case as an acknowledgment of the correctness of the United States' position. *See Midwest Generation EME, LLC v. Continuum Chem. Corp*., 768 F. Supp. 2d 939, 950 (N.D. Ill. 2010) (finding that "failure to respond to an opposing party's argument implies concession"); *Law v. Medco Research. Inc*., 113 F.3d 781, 787 (7th Cir. 1997) (explaining that "[f]ailure to contest a point is not necessarily a waiver, but it is a risky tactic, and sometimes fatal"); *Milam v. Dominick's Finer Foods, Inc*., 567 F.3d 830, 832 (7th Cir. 2009) (interpreting "plaintiffs' silence in their response as acknowledgment").

"The requirement that a plaintiff exhaust its administrative remedies prior to instituting a suit against a federal agency is fairly straightforward. A claimant may not institute a claim against a federal agency in federal court until the federal agency denies the claim, or six months after the claimant has presented the claim to the agency." *Columbus Reg'l Hosp. v. Fed. Emergency Mgmt. Admin.*, 2012 WL 1066793, at *2 (S.D. Ind. 2012) (citing 28 U.S.C. § 2675). The United States' Motion to Dismiss invokes this defense and, if successful, will resolve this case in full.

After evaluating the United States' Motion to Stay Discovery in conjunction with the docket in this case, the Court agrees that a stay of discovery until the Court decides the United States' Motion to Dismiss is appropriate. Specifically, the Court concludes that a stay of this nature would not unduly prejudice Ms. McCray, would simplify the issues in this case, and would likely reduce unnecessary litigation. Given this posture, the Court agrees with the United States that the Court should resolve its pending Motion to Dismiss before the Parties engage in discovery and, thus, **GRANTS** the United States' Motion to Stay Discovery. [Dkt. 35.] Because of that conclusion,

the Court **DENIES** Ms. McCray's pending Motion to Compel, [dkt. 30], and now **WITHDRAWS** the prior permission it gave to Ms. McCray to conduct early discovery, [dkt. 17]. At the time the Court granted Ms. McCray's early discovery request, the United States had not yet appeared by counsel in this case and the Motion to Dismiss asserting failure to exhaust administrative remedies had not been filed. The procedural posture of this case has now changed in such a way that the requested early discovery is no longer necessary. *See, e.g.*, *Columbus Reg'l Hosp.*, 2012 WL 1066793, at *2 (noting that a plaintiff responding to the United States' motion to dismiss for failure to exhaust administrative remedies "does not need any discovery in order to address [the United States'] assertion that [the plaintiff] failed to file its claim with the agency prior to filing this lawsuit"). For all these reasons, the Court **GRANTS** the United States' Motion to Stay Discovery, [dkt. 35], and **DENIES** Ms. McCray's Motion to Compel, [dkt. 30].

### IV.    CONCLUSION

For the reasons stated herein, the United States' Motion to Stay is **GRANTED**, [dkt. 35], and Ms. McCray's Motion to Compel is **DENIED**, [dkt. 30]. Discovery in this matter is **STAYED** pending resolution of the United States' Motion to Dismiss, [dkt. 21], which remains **UNDER ADVISEMENT** and will be ruled on in due course.

**SO ORDERED.**

Date: 7/21/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JAMILAH MCCRAY
105 N. Belmont Ave.
Indianapolis, IN 46222