UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMILAH MCCRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00537-TWP-KMB |
| | ) |
| UNKNOWN Postal Worker, | ) |
| UNITED STATES POSTAL SERVICE, | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## ORDER RESOLVING PENDING MOTIONS AND ADMONISHING PLAINTIFF

This matter is before the Court on *pro se* Plaintiff Jamilah McCray's ("McCray") Motion for Leave to File Amended Complaint (Dkt. 51), Motion for Case Status (Dkt. 49), and Motion for Clarification (Dkt. 56), as well as the United States of America's ("Defendant") Motion to Dismiss McCray's original Complaint (Dkt. 21). For the reasons stated below, McCray's motion for leave to amend is **granted**, Defendant's Motion to Dismiss the original Complaint is **denied as moot**, and McCray's requests for case status and clarification are **granted**, as this Order provides the requested information and clarification. In addition, McCray is **admonished** to refrain from making premature, repetitious, or unnecessary filings going forward.

### I.   BACKGROUND

On March 21, 2025, McCray initiated this action against an Unknown Postal Worker and the United States Postal Service and filed a motion to proceed *in forma pauperis* (Dkts. 1, 2). On April 14, 2025, the Court granted McCray leave to proceed *in forma pauperis*, screened her Complaint under 28 U.S.C. § 1915(e)(2)(B), and allowed her claims to proceed (Dkt. 7). On June 16, 2025, the United States appeared and filed a Motion to Dismiss McCray's original Complaint, arguing in part that McCray had failed to exhaust her administrative remedies by failing to file a

tort claim notice (Dkts. 20, 21, 22). In the following weeks, McCray filed several documents and motions, including a "Submission of Tort Claim Notice." Thereafter, she filed a Motion for Case Status requesting information on the status of a prior filing (Dkt. 49), a Motion for Leave to File Amended Complaint (Dkt. 51) and a Motion for Clarification regarding a docket entry reflecting returned mail (Dkt. 56).

## II.     DISCUSSION

The Court will first address McCray's Motion for Leave to Amend and Defendant's Motion to Dismiss before discussing McCray's Motion for Case Status and Motion for Clarification.

### A.     McCray's Motion for Leave

After Defendant filed a Motion to Dismiss, McCray moved for Leave to file an Amended Complaint, stating that on October 10, 2025, she received a final written denial of her tort claim against the United States Postal Service (Dkt. 51 at 2). McCray therefore "seeks leave to amend her complaint to reflect the completion of the FTCA exhaustion process and to substitute the United States of America as the proper defendant." *Id*. Defendant briefly responds that any amendment would be futile because McCray's claims remain premature despite filing a federal tort claim notice after initiating this lawsuit, and because the United States is shielded from McCray's claims by sovereign immunity (Dkt. 52 at 1–3).

Federal Rule of Civil Procedure 15(a) governs amended pleadings before trial. Rule 15(a)(1) states:

> A party may amend its pleading once as a matter of course within 21 days of serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12 (b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). In all other cases, pursuant to Rule 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely

2

give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated "this mandate is to be heeded." *Forman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court in *Forman* found this standard to be quite liberal, and only in very limited circumstances would a denial of leave to amend be justified. Specifically, the Supreme Court found "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" would support a denial. *Id*. Absent such special circumstances, "the leave sought should, as the rules require, be 'freely given'" and failure to do so would be an abuse of discretion. *Id.*

Although Defendant has raised meritorious arguments for the dismissal of McCray's claims, those arguments should be raised and fully briefed in a dispositive motion. Based on the promptness with which McCray sought leave to amend and her attempt to cure deficiencies identified in Defendant's Motion to Dismiss, and in light of her *pro se* status, the Court finds that leave to amend should be given. McCray's Motion for Leave to Amend is therefore **granted**. The Amended Complaint, (Dkt. 51-1), is deemed filed as of the date of this Order.

**B.      Defendant's Motion to Dismiss**

Defendant has moved to dismiss McCray's original Complaint (Dkt. 21). Because McCray's Amended Complaint is deemed filed as of the date of this Order, thereby superseding the initial Complaint upon which Defendant's Motion to Dismiss is based, Defendant's Motion to Dismiss is **denied** as moot.

**C.      McCray's Motion for Case Status and Motion for Clarification**

In her Motion for Case Status (Dkt. 49), McCray states that on September 14, 2025, she filed a "Supplemental Notice of New Evidence Regarding Administrative Delay and Obstruction," and she requests "confirmation that the filing was received and is under review, or clarification

regarding the Court's intended next steps." (Dkt. 49 at 1–2). This motion is **granted** insofar as the Court confirms that McCray's Supplemental Notice was received (*see* Dkt. 48), although it was given a different title in the docket text. The Court does not intend to take any action on this Supplemental Notice or any other "notice" filed by McCray. If McCray wishes the Court to take any action in this matter, she must do so by filing a motion, not a "notice," "submission," "statement" or other non-motion filing. In the Notice to Pro Se Litigants, McCray was informed that a "motion is the means by which a litigant seeks to have the Court take some form of official action" and "[i]f a litigant seeks such official action by the Court, the filing must include the word 'motion' in the title." (Dkt. 6). The Court therefore confirms that it received McCray's "Supplemental Notice" but takes no action on it.

In her Motion for Clarification (Dkt. 56), McCray seeks clarification regarding Dkt. 55, which states: "Mail Returned as undeliverable. (950 Penn Ave, NW, Washington, DC 20530) [Dkt.] 15 Order on Motion for Preliminary Injunction sent to Unknown Post Worker) UNITED STATES POSTAL SERVICE." (Dkt. 55). McCray requests clarification as to whether the returned mail "was originally intended for Plaintiff," and if so, "what address the document was sent to" and "[w]hether any Court correspondence may not have reached Plaintiff due to an addressing or routing irregularity." (Dkt. 56). The request for Clarification is **granted**. The Court clarifies that as shown in the docket text, Dkt. 55 states that Dkt. 15 (the Order on Motion for Preliminary Injunction) was mailed to "Unknown Post Worker" at the address "950 Penn Ave, NW, Washington DC," and returned as undeliverable. (Dkt. 55). The docket does not relate to any filings mailed to McCray and does not reflect that any filings mailed to McCray were returned as undeliverable. In the future, McCray should carefully review the docket and the docket text for each entry to avoid filing unnecessary motions.

**D.     Admonishment**

Throughout this case, McCray has filed a series of premature and repetitious motions, including premature motions for preliminary injunction and for default judgment (Dkts. 13, 19), a repetitious motion for reconsideration of an order denying reconsideration (Dkt. 44), and an unnecessary motion for clarification (Dkt. 56). In addition, McCray has filed roughly a dozen "notices," "submissions," "declarations," or other "supplemental" filings (Dkts. 26–27, 29, 32–33, 41–42, 45–46, 53–54). These motions and filings are a drain on the Court's ability to process and consider her case and those of many others with pending cases before the Court. Some of McCray's motions may be meritorious, and she is entitled to litigate her claims earnestly and receive the same attention and thoroughness the Court would afford any other party. But she is not entitled to monopolize the Court's resources by repeatedly filing motions or other documents. "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989); *see also United States ex rel. Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders."). McCray is requested to be patient and **admonished** to be cautious in the future with her filings.

**III.     CONCLUSION**

For the reasons discussed above, the McCray's Motion for Leave to File Amended Complaint, Dkt. [51] is **GRANTED**, Defendant's Motion to Dismiss, Dkt. [21] is DENIED as moot. The **Clerk is directed** to re-docket McCray's Amended Complaint and exhibit (Dkt. 51-1; Dkt. 51-2) as a separate entry, dated the date of this Order. The Amended Complaint is now the

operative complaint in this action. Defendant's response to the Amended Complaint is due within **fourteen (14) days** of the date of this Order. Fed. R. Civ. P. 15(a)(3).

McCray's Motion for Case Status, Dkt. [49] and Motion for Clarification, Dkt. [56] are **GRANTED**, as this Order provides the requested information and clarification. McCray is **admonished** to refrain from filing premature, unnecessary, or repetitious motions.

**SO ORDERED**.

Date: 11/26/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMILAH MCCRAY
7777 Forest Lane
Suite C-A94 PMB 10007
Dallas, TX 75230

Joi Kamper
DOJ-USAO
joi.kamper@usdoj.gov